

> **SO ORDERED:**
>
> /s/ Vernon Broderick
>
> **HON. VERNON S. BRODERICK**
> **UNITED STATES DISTRICT JUDGE**
>
> Having considered the "particular circumstances and posture" of this case, including the "breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay," *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (internal quotation marks omitted), I conclude that Marist College has not met its burden to show good cause why discovery should be stayed.
>
> Dated:  February 14, 2024

February 8, 2024

**VIA ECF**
The Honorable Vernon S. Broderick
U.S. District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

      RE:    ***Sarah Goetze v. Marist College***
              Civil Action No. 1:23-cv-09136

Dear Judge Broderick:

      We represent Defendant Marist College ("Marist") in the above-referenced matter. Pursuant to Rule 3 of Your Honor's Individual Rules and Practices, the Parties submit this Joint Letter regarding the Parties' discovery dispute respecting Marist's intention to seek a stay of discovery. Plaintiff objects to the request for a stay.

## Marist's Submission

      Under Federal Rule of Civil Procedure 26(c), a party requesting a stay of discovery "bears the burden of showing good cause." *Heredia v. Americare, Inc.*, 17cv6219, 2018 WL 11579756, at *1 (S.D.N.Y. May 1, 2018) (internal quotations and citations omitted). "If a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (internal quotations and citations omitted).

      As for the first prong – whether Marist has made a strong showing that Plaintiff's claim is unmeritorious – Marist has filed a meritorious motion to dismiss all of Plaintiff's claims. This prong favors a stay of discovery. "Courts tend to consider whether the resolution of the pending motion to dismiss may dispose of the entire action." *Broccoli v. Ashworth*, No. 21-CV-6931 (KMK), 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023); *see also, Press v. Primavera*, Case No. 1:21-cv-10971 (JLR), 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) ("Because Defendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay."); *Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS),

The Honorable Vernon S. Broderick
February 8, 2024
Page 2

2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (favoring a motion to stay because the motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law.").[1]

As for the second prong, while the parties have not yet served discovery requests or deposition notices, the discovery requested by the respective parties will likely result in significant time and expense for both parties. Thus, this prong favors a stay of discovery as this would avoid the risk of wasted and excessive attorneys' fees and time in preparing and responding to discovery requests and preparing for and attending depositions.

As for the third prong, Plaintiff cannot identify any prejudice that she would suffer from the imposition of a stay. Any prejudice stemming from the delay is likely to be minimal. Plaintiff herself waited to file this lawsuit over three years after the Spring 2020 semester. Furthermore, Plaintiff has already graduated and received her degree from Marist in Spring 2020.

**Plaintiff's Submission**

"A district court has discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon a showing of good cause." *Glob. Net Lease, Inc. v. Blackwells Cap. LLC*, No. 22-CV-10702 (JPO), 2023 WL 4421692, at *1 (S.D.N.Y. Feb. 6, 2023) (internal quotations and citations omitted); *see also Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020). "If a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (internal quotations and citations omitted). "The party seeking a stay of discovery bears the burden of showing good cause." *Blackwells*, 2023 WL 4421692, at *1 (internal quotations and citations omitted)

Marist has not met its burden to show that good cause exists to stay discovery in this case. As to the first prong, Marist is unable to show that Plaintiff's claims are unmeritorious. To the contrary, Marist's arguments fly in the face of settled case law in this Circuit. *See, e.g.*, *Rynasko v. New York Univ.*, 63 F.4th 186, 198 (2d Cir. 2023); *Meng v. New Sch.*, No. 23-CV-3851 (JSR),

---

[1] In addition, there are several higher education COVID tuition reimbursement cases that are currently pending before the Second Circuit. *See Tapinekis v. Pace University*, Case 22-1058; *Moore v. Long Island University*, Case 22-393; *Yodice v. Touro College and University System*, Case 21-2986 and *Michel v. Yale University*, Case 23-222. This area of law relating to COVID-19 tuition reimbursements is in a state of flux. The Plaintiff's Opposition to Marist's Motion to Dismiss relies heavily on the Second Circuit's *Rynasko* decision, but as we submit in our pending motion to dismiss (Dkt. No 14) the holding in *Rynasko* has been supplemented by the *Goldberg* decision. We respectfully submit that it would be prudent to stay discovery not only because of Marist's pending motion but also because there may be additional developments from the Second Circuit.

The Honorable Vernon S. Broderick
February 8, 2024
Page 3

2023 WL 5162181, at *2-8 (S.D.N.Y. Aug. 11, 2023); *Coccaro v. Barnard Coll.*, No. No. 23-cv-3809 (JPO), 2024 WL 196524 (S.D.N.Y. Jan. 18, 2024).

As to the second prong, Marist makes conclusory statements without any support that responding to discovery would be burdensome. Indeed, as Marist notes, Plaintiff has not yet served discovery. So, "Defendant's vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome." *Mirra v. Jordan*, No. 15-cv-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016).

As to the third prong, Plaintiff would be prejudiced by not allowing her case to move forward, especially when the case law is clear that her claims have merit. *See Poppel v. Rockefeller Univ. Hosp.*, No. 19-CV-1403 (ALC), 2019 WL 3334476, at *2 (S.D.N.Y. Jul. 25, 2019) ("due to Plaintiff's inherent interest in proceeding expeditiously, the [third] factor weighs in favor of Plaintiff, albeit slightly.") (citation omitted). Other courts in this District have denied similar motions to stay pending Rule 12(c) motions. *See Coccaro v. Barnard Coll.*, No. 23-cv-3809 (JPO) (ECF No. 35) (S.D.N.Y. Oct. 26, 2023).

Finally, if Marist did not wish to engage in discovery, it could have filed a Rule 12(b)(6) motion instead of filing an Answer and making the same argument, with the same legal standard, pursuant to a Rule 12(c) motion. In the former scenario, the parties would not have held the 26(f) conference, which triggers commencement of discovery. Fed. R. Civ. P. 26(d)(1).

For these reasons, the Court should deny Marist's request for a stay of discovery pending its Rule 12(c) motion for judgment on the pleadings.

Thank you for your consideration.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Gregory B. Reilly, Esq.

cc:   Gary F. Lynch (via ECF)